```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION


PATRICIA A. HOLBERT                                         PLAINTIFF

VS.                               CIVIL ACTION NO. 3:09CV509TSL-MTP

WAL-MART ASSOCIATES, INC.,                                  DEFENDANT
HARRY HORTON, EDDIE ROBINSON,
GARY HILL AND LILLIE TAYLOR
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Wal-Mart Associates, Inc. (Wal-Mart), Harry Horton, Eddie Robinson, Gary Hill and Lily Taylor for summary judgment pursuant to Rule 56(c) of the Rules of Civil Procedure. Plaintiff Patricia Holbert has responded to the motion, and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion is well taken and should be granted.

Plaintiff, proceeding pro se, filed her complaint in this cause against Wal-Mart, her former employer, and against certain individuals who served as her managers during her employment, alleging putative claims of retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a); age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.;* "identity theft"; defamation; and interference with her

participation in an ERISA retirement plan.  Defendants seek dismissal of each of these claims.

According to plaintiff's complaint, she began her employment with Wal-Mart in 2006 at the Wal-Mart store in Clinton, Mississippi.  She was fired in May 2006, but reinstated a week later.  She was terminated a second time in February 2008, but that termination was promptly rescinded.  Then, in July 2008, following a leave of absence, plaintiff was transferred to a store in Jackson, Mississippi, where she worked until she was finally terminated in November 2008 following an incident in which she directed a cashier to complete an EBT[1] transaction for Holbert's daughter when the EBT card was not physically present and instructed the cashier to enter Holbert's Associate Discount number when the discount card was not present, all of which was in clear violation of Wal-Mart policies.  On December 28, 2008, plaintiff filed a charge of discrimination with the EEOC, alleging that she had been terminated because of her age and because of retaliation.  The EEOC issued a right to sue letter on May 29, 2009.

---

[1] According to the Mississippi Department of Human Services' website, "EBT or Electronic Benefit Transfer is an electronic method to disperse government benefits such as Supplemental Nutrition Assistance Program (SNAP), using debit card technology and retail Point-Of-Sale (POS) terminals." Www.mdhs.state.ms.us/ebtretfaq.htm.

2

Although far from clear, plaintiff's ADEA claim appears to be based on allegations that her first and third/final terminations were on account of her age. As Wal-Mart correctly notes, plaintiff is foreclosed from pursuing any claim with respect to the first termination as she did not file a timely charge of discrimination with respect to that termination. Her only EEOC charge was filed in December 2008, more than two years after the May 2006 termination. See Garrett v. Judson Indep. School Dist., 299 Fed. Appx. 337, 343, 2008 WL 4851317, 6 (5th Cir. 2008) ("A plaintiff suing for age discrimination must file a timely administrative charge with the EEOC as a precondition to filing her lawsuit."); 29 U.S.C. § 626(d) ("No civil action may be commenced ... until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]. Such a charge shall be filed ... within 180 days after the alleged unlawful practice occurred ...").

With reference to the November 2008 termination, Wal-Mart contends summary judgment is in order since it has articulated a legitimate, nondiscriminatory reason for her termination, i.e., plaintiff's clear violation of company policy, and plaintiff cannot establish that this reason was a pretext for age discrimination. See Martin v. Waring Investments Inc., 323 Fed. Appx. 313, 316, 2009 WL 1043808, 2 (5th Cir. 2009) ("To demonstrate pretext, [plaintiff] must show that [defendant's] legitimate,

3

nondiscriminatory reason is not true, but is instead a pretext of discrimination."). Plaintiff has offered no evidence to challenge defendant's proffered reason for her termination, and in fact, has not ever responded to defendant's arguments in support of summary judgment on this claim.[2] Accordingly, summary judgment will be granted on plaintiff's claim for age discrimination.[3]

Plaintiff's retaliation claim has its origin in a certain e-mail communication to a Wal-mart superior complaining of certain actions of her store manager which she considered were "stupid." Specifically, in September 2008, plaintiff sent an e-mail to one Bobby Shumpert[4], complaining that her store manager Eddie Robinson's decision to send associates out into the rain at 2:00 a.m. to pull buggies when there were only a few customers shopping in the store was "stupid." Shumpert apparently forwarded the

---

[2] Regarding the ADEA claim, plaintiff does briefly mention that Wal-Mart failed to provide adequate discovery and suggests that the court should compel discovery. However, she has made no request that the court continue its consideration of the motion. Were the court to construe this as a request for a continuance under Rule 56(f), it would be deemed insufficient. See Access Telecom, Inc. v. MCI Telecomms. Corp., 197 F.3d 694, 719 (5th Cir. 1999) ("To obtain a continuance of a motion for summary judgment, a party must specifically explain both why it is currently unable to present evidence creating a genuine issue of material fact and how a continuance would enable the party to present such evidence." (citation and internal quotation marks omitted).

[3] Plaintiff has contended she should not have been terminated for the offense because other cashiers who completed EBT transactions without a card being physically present were not terminated. She offered no evidence to support this assertion.

[4] Neither party has identified Shumpert's title.

e-mail to Robinson, who took personal offense at being called "stupid" and replied to Shumpert that "We should not be subjected to this type of disrespect. What can we do to get this matter addressed going forward?" Shumpert responded, "It's only an opion [sic] not much we can do." According to plaintiff, the animosity which arose as a result of this incident "is the causal connection that motivated Robinson to terminate plaintiff at the next available (but not valid) opportunity." Plaintiff contends her termination two months later was in retaliation for her having made this complaint about Robinson. She purports to believe that because she complained pursuant to Wal-Mart's "Open Door" policy and thereafter participated in the "investigation" of her complaint concerning Robinson, then her activity was "protected" under Title VII and the proper subject of a retaliation complaint. Her position is patently without merit.

"Title VII protects employees from retaliation for engaging in an activity protected by Title VII." Dixon v. Moore Wallace, Inc., 236 Fed. Appx. 936, 937, 2007 WL 1686973, 1 (5th Cir. 2007). To prove her claim of retaliation under Title VII, plaintiff must first establish a prima facie case of retaliation by showing (1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action. See Evans v. City of Houston, 246 F.3d 344, 352 (5th Cir.

2001). "An employee has engaged in protected activity when she has (1) opposed any practice made an unlawful employment practice by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII."  Thompson v. Somervell County, Tex., No. 11-50016, 2011 WL 2623571, *2 (5th Cir. July 1, 2011).  Plaintiff's complaining about Robinson's decision to send employees into the rain at 2:00 a.m. to gather buggies was not an activity protected by Title VII, as her complaint (and her participation in the ensuing investigation) did not relate in any way to any employment practice made unlawful by Title VII.  Title VII does not extend protection for complaints about perceived poor management practices, where those practices do not involve race, color, religion, sex or national original discrimination.

> Title VII does not protect opposition to all forms of unscrupulous conduct.  Instead, Title VII protects only opposition to discrimination based on "race, color, religion, sex, or national origin."  Magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue.

Brown v. United Parcel Serv., Inc., 406 F. App'x 837, 840 (5th Cir. 2010)(citations omitted) (emphasis added).  See also Wynn v. Miss. Dept. of Human Servs., Civ. Act. No. 3:09CV717DPJ-FKB, 2011 WL 3423142, 5 (S.D. Miss. Aug. 4, 2011) ("General grievances about workplace inequities or even harassment are not protected

conduct."). Defendants are entitled to summary judgment on this claim.

Defendants argue that summary judgment is appropriate as to plaintiff's putative identity theft claim because such a cause of action is not recognized in Mississippi, and even if it were, plaintiff cannot prove that she suffered any injury on account of the alleged identity theft. On February 1, 2008, plaintiff submitted to Wal-Mart a request for leave of absence for the purpose of attending college; that same evening, her store manager purported to terminate her employment following a complaint by two of her co-workers that plaintiff had used profanity to them. Unbeknownst to plaintiff, her termination was promptly rescinded, since the manager lacked authority to terminate her; and on February 4, 2008, her leave of absence was approved. Plaintiff, ostensibly unaware of the approval of her leave of absence and rescission of her termination, filed a claim for unemployment benefits and in the course of proceedings before the Mississippi Employment Security Commission, Wal-Mart produced a February 2, 2008 document entitled "Personnel Manager's Leave of Absence Check List" which was purportedly signed by plaintiff and which Wal-mart contended showed that plaintiff knew her leave had been approved and that she had not been fired. Plaintiff denied signing the document, and contends herein that someone with Wal-Mart forged her signature on the document and thereby committed identity

7

theft, which initially caused the MESC to deny her claim for unemployment benefits.

Defendants submit, and plaintiff apparently concedes, that no cause of action for "identity theft" is recognized under Mississippi law. Plaintiff, however, citing a case decided under California law, contends the claim is cognizable as one for "conversion of intangible property." See Lowry v. Metropolitan Transit Bd. MTBS, No. 09cv882 BTM (WVG), 2010 WL 1571216 (S.D. Cal. Apr. 16, 2010) (construing pro se plaintiff's claim for "identity theft" as a claim for conversion of intangible property but finding that the plaintiff failed to demonstrate that he had suffered any damage). However, such a claim is not viable under Mississippi law.

As Judge Louis Guirola recently observed,

> The Mississippi Supreme Court has held that "to make out a conversion, there must be proof of a wrongful possession, or the exercise of a dominion in exclusion or the defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand." Wilson v. Gen. Motors Acceptance Corp., 883 So. 2d 56, 68 (¶ 50)(Miss.2004) (quoting Smith v. Franklin Custodian Funds, Inc., 726 So. 2d 144, 149 (Miss. 1998)). The only court to address the issue of whether intangibles can be converted under Mississippi law has explained: "The reported cases in Mississippi reflect the view that an action for conversion is available for wrongful interference with tangible items of personal property and those 'intangible rights that are customarily merged in, or identified with some document.'" DirecTV, Inc. v. Hubbard, No. 2:03CV261–P–D, 2005 WL 1994489 at *4 (N.D.Miss. Aug. 17, 2005) (quoting 5 Jeffrey Jackson and Mary Miller, Mississippi Practice Series Encyclopedia of Mississippi Law § 41:88 (2001)). In Hubbard, the Court

8

>    held that satellite transmissions are not tangible and
>    therefore cannot be the subject of a conversion.
>    <u>Hubbard</u>, 2005 WL 1994489 at *4.

<u>Blades v. Countrywide Home Loans, Inc.</u>, Civil Action No. 1:06CV1000-LG-JMR, 2007 WL 2746678, *4 (S.D. Miss., Sept. 18, 2007). As plaintiff has not alleged interference with tangible personal property or with an intangible right which has merged in or identified with some document, the court concludes that she has not stated a valid claim for conversion under Mississippi law.[5]

To establish a defamation claim, an ordinary plaintiff must show: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." <u>Simmons Law Group, P.A. v. Corporate Mgmt., Inc.</u>, 42 So. 3d 511, 517 (Miss. 2010). Plaintiff's defamation claim appears to be based, in part, on certain rude treatment she received from store manager Eddie Robinson in front of other associates and her being escorted from the store after her termination in November 2008 like she "was a criminal." However, a defamation claim will not lie for mere rudeness or

---

[5] Even if such a claim were recognized under Mississippi law, defendants have demonstrated that plaintiff cannot establish any damage resulting from any alleged forgery of her signature on the leave of absence check list form. Plaintiff ultimately was approved for unemployment benefits, and was not otherwise "out" any money from the alleged misappropriation of her signature.

9

mistreatment; thus, as there is no allegation that Robinson made a false and defamatory statement concerning the plaintiff, or that she was accused of criminal conduct, plaintiff cannot establish a claim of defamation based on these allegations.

Her claim appears based, in further part, on alleged false testimony by defendant Lily Taylor during a MESC hearing. However, as defendants note, "Taylor enjoyed a qualified privilege because any statement made by an employer against an employee when the statement in question affects the employee's employment is protected by a qualified privilege. [Taylor's] statements are privileged 'absent bad faith or malice if the communications are limited to those persons who have a legitimate and direct interest in the subject matter.'" Raiola v. Chevron U.S.A., Inc., 872 So. 2d 79, 85 (Miss. Ct. App. 2004) (quoting Young v. Jackson, 572 So. 2d 378, 383 (Miss. 1990)). As plaintiff has offered no evidence of malice, summary judgment is proper on this claim.[6]

Plaintiff alleges defendants discharged her to keep her from becoming vested in Wal-Mart's 401(4) plan. Pursuant to 29 U.S.C. § 1140, it is "unlawful for any person to discharge ... a participant or beneficiary [in an ERISA plan] for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan...." Defendant submits, and plaintiff does not deny, that plaintiff has no

---

[6] Plaintiff has not responded to defendant's motion as it pertains to the defamation claim.

evidence to show that she was terminated solely to prevent her from fully vesting in a 401(k) plan (in which she had $2,500 in assets).  This claim will be dismissed.

Based on the foregoing, it is ordered that defendants' motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 18th day of August, 2011.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE